# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TYLER J.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-434**    (Fam. Ct. Kanawha Cnty. Case No. FC-20-2025-D-346)

**EMILIE C.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tyler J. ("Father")[1] appeals the Family Court of Kanawha County's August 11, 2025, order allocating custodial responsibility, granting Father less than 50-50 parenting time, and ordering him to pay child support. Respondent Emilie C. ("Mother") responded in support of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties are the biological parents of twin children born in 2022. The parents, who never married, ended their long-term relationship in 2024. On May 9, 2025, Father filed a petition for allocation of custodial responsibility and a parenting plan that he urged the Court to adopt.[3] Before Father filed his petition, the parties did not have a court-ordered parenting plan, nor had child support been addressed. Mother filed an answer to Father's petition expressly denying Father's assertion that both parents had performed a reasonable share of the caretaking and parenting functions of the children. Instead, Mother contended that she provided for all of the children's medical needs, whereas Father provided little or

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Christopher T. Pritt, Esq. Mother is self-represented.

[3] Although Father mentioned in his petition that a parenting plan was attached, such proposed plan is not included in this Court's record.

no assistance. For example, Mother claimed that Father attended fewer than five (out of more than forty) "Birth-to-Three" program appointments.

On July 24, 2025, the family court conducted a final hearing regarding the allocation of custody. Both parties appeared with counsel and presented evidence. At the outset of the hearing, the family court noted that Father requested an equal 50-50 custodial allocation following a 2-2-3 parenting schedule, attorney fees, and costs. Father contended that he had been following such a plan with overnight stays since November 2023. Mother disagreed and asserted that because of his work, Father did not keep the children overnight until May of 2025. Mother claimed that she, rather than Father, cared for the children overnight during Father's "2-2" portion of their current schedule. Father noted that he currently worked five days per week and over forty hours per week as he was "on call." Father indicated that he would place the children in daycare to accommodate his work schedule. However, he indicated that he was seeking alternative employment. Mother, on the other hand, testified that she works from home and cares for the children there.

In a final order entered on August 11, 2025, the family court found that "a 50-50 parenting plan would be impractical" due to the daily schedules of the parents and the children pursuant to West Virginia Code § 48-9-209(f)(5)(C) (2022). Therefore, the family court found that a 50-50 parenting plan was not in the children's best interest. Further, the family court determined that pursuant to West Virginia Code § 48-9-102a (2022), "Mother provides more stability and predictability for the minor children." Thus, the family court found that "Mother successfully rebutted the presumption of 50-50 custodial allocation." The family court ordered a modified 2-2-3 parenting plan such that Father would not have the children overnight on his two-day parenting days; instead, Father would have parenting time between 9:00 a.m. and 9:00 p.m. on those days. However, the family court's plan allowed Father to have the children overnight every other weekend from Friday at 9:00 p.m. until Monday at 9:00 a.m.[4] It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

---

[4] The family court also ordered Father to pay child support, but Father does not appeal the order with regard to child support.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises two assignments of error. First, Father asserts that the family court committed error and abused its discretion when it failed to provide findings of fact and conclusions of law to support its ruling. In support of his argument, Father maintains that the family court only made a general and conclusory finding that a 50-50 parenting plan would be "impractical" due to the parents' and children's daily schedules and that Mother provides more "stability and predictability" for the children. Father contends that the family court failed to set forth the relevant daily schedules, explain its basis for finding that Mother provides more predictability for the children, and provide an analysis of how its plan maximizes the time each parent has with the children. We disagree.

West Virginia Code § 48-9-102a provides:

[t]here shall be a presumption, rebuttable by a preponderance of the evidence, that equal (50-50) custodial allocation is in the best interest of the child. If the presumption is rebutted, the court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare.

Further, pursuant to West Virginia Code § 48-9-206(a) (2022), the presumption set forth in West Virginia Code § 48-9-102a is rebuttable when one or more limiting factors exist under West Virginia Code § 48-9-209.

In the final order at issue here, the family court found that Mother successfully rebutted the presumption of 50-50 custodial allocation in this case. The family court specifically identified a limiting factor, i.e., that a 50-50 parenting plan would be impractical due to each parent's and the children's daily schedules pursuant to W. Va. Code § 48-9-209(f)(5)(C). Thus, the family court determined that a 50-50 plan would not be in the children's best interest. Finally, the family court found that pursuant to W. Va. Code § 48-9-102(a)(1), Mother provides more stability and predictability for the minor children.

Father does not reference any part of the record to demonstrate that the family court erred when it found that a 50-50 parenting plan is impractical with his schedule or that Mother provides more stability and predictability for the children. According to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, a petitioner's "argument must contain appropriate and specific citations to the record on appeal . . . ." That rule further provides that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." Father has not shown how any error he alleges would change the outcome of this case. We note that the record includes Father's testimony that

3

he worked five days per week and over forty hours per week as he was on-call. Further, Mother testified that Father had not exercised an equal shared parenting plan prior to the litigation, and that until recently, she always kept the children overnight, and was their primary caregiver overnight. Finally, Father does not establish that the court erred by failing to "construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare" in accordance with West Virginia Code § 48-9-102a, as the parenting plan is quite nearly a 50-50 plan.

Accordingly, we affirm the August 11, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge S. Ryan White

Chief Judge Daniel W. Greear, not participating